UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE
CIVIL ACTION NO. 3:08CV-592-H

**DERRICK D. AKINS**                                                                                          **PLAINTIFF**

**v.**

**THE NEWS ENTERPRISE** *et al.*                                                                **DEFENDANTS**

### MEMORANDUM OPINION

Plaintiff, Derrick D. Akins, who is incarcerated at the Northpoint Training Center in Burgin, Kentucky, filed this *pro se* civil action against The News Enterprise; its publisher R. Chris Ordway; its editor Warren Wheat; and two unknown individuals that Plaintiff alleges supplied the paper with information that led to a false story being printed about him and his alleged crimes. Plaintiff is seeking $250,000 in damages against each Defendant. Because the Court lacks subject matter jurisdiction over the action, it will dismiss the complaint pursuant to Fed. R. Civ. P. 12(h)(3), which permits a court to dismiss a case *sua sponte* at anytime for lack of subject matter jurisdiction. *See Franzel v. Kerr Mfg. Co.*, 959 F.2d 628, 630 (6th Cir. 1992).

The Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519 (1972). The duty to be less stringent with *pro se* complaints, however, "does not require [the Court] to conjure up unpled allegations," *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted), and the Court is not required to create a claim for the *pro se* Plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To command otherwise would require the "courts to explore exhaustively all potential claims of a pro se plaintiff, [and] would also transform the

district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

It is axiomatic that federal district courts are courts of limited jurisdiction, and their powers are enumerated in Article III of the Constitution. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); *Hudson v. Coleman,* 347 F.3d 138, 141 (6th Cir. 2003) ("[I]t is well established that federal courts are courts of limited jurisdiction, possessing only that power authorized by the Constitution and statute."). "Jurisdiction defines the contours of the authority of courts to hear and decide cases, and, in so doing, it dictates the scope of the judiciary's influence." *Douglas v. E.G. Baldwin & Assoc. Inc.*, 150 F.3d 604, 606 (6th Cir. 1998), *overruled on other grounds by Cobb v. Contract Transp., Inc.*, 452 F.3d 543, 548-549 (6th Cir. 2006)). The party that seeks to invoke a federal district court's jurisdiction bears the burden of establishing the court's authority to hear the case. *Kokkonen*, 511 U.S. at 377. Moreover, federal courts have an independent duty to determine whether they have jurisdiction and to "police the boundaries of their own jurisdiction." *Douglas,* 150 F.3d at 607 (quoting *Ebrahimi v. City of Huntsville Bd. of Educ.*, 114 F.3d 162, 165 (11th Cir. 1997)).

Plaintiff has failed to meet his burden. First, under the diversity-of-citizenship statute, "The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000 . . . and is between . . . citizens of different states . . . ." 28 U.S.C. § 1332(a)(1). "[D]iversity jurisdiction does not exist unless *each* defendant is a citizen of a different State from *each* plaintiff." *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373 (1978). While Plaintiff claims that the action exceeds $75,000, he

has failed to demonstrate that he and Defendants are citizens of a State other than Kentucky.  In fact, the complaint demonstrates the opposite.  Plaintiff is currently incarcerated.  A prisoner's citizenship for diversity purposes is generally that of the state he was domiciled in prior to his incarceration.  *See Jones v. Hadican*, 552 F.2d 249, 250 (8th Cir. 1977); *Stifel v. Hopkins*, 477 F.2d 1116 (6th Cir. 1973).  In his complaint, Plaintiff states that the newspaper article described him as a "Louisville man."  Plaintiff does not assert that this was an incorrect description.  Therefore, it appears that Plaintiff was domiciled in the Commonwealth of Kentucky prior to his incarceration.

The News Enterprise is a Kentucky Limited Liability Company.  *See* http://apps.sos.ky.gov.   Its principal office is located at 408 West Dixie Avenue Elizabethtown, KY 42701.  For the purposes of diversity jurisdiction, "a limited liability company is not treated as a corporation and has the citizenship of its members."  *Homfeld II, L.L.C. v. Comair Holdings, Inc.*, 53 F. App'x 731, 732 (6th Cir. 2002).  Based on the information from the Kentucky Secretary of State's website, it appears that at least one member of the News Enterprise is a resident of Kentucky.  Additionally, Defendants Ordway and Wheat, employees of the News Enterprise, most likely are also citizens of Kentucky.

Because Plaintiff has not alleged that all Defendants are citizens of a state other than Kentucky, Plaintiff has not established the existence of diversity jurisdiction.  As such, the Court cannot hear Plaintiff's state law claims.

Additionally, under the federal-question statute, codified at 28 U.S.C. § 1331, "The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."  Plaintiff does not identify any federal cause of action in

the body of his complaint.  However, he filled his complaint out on a "civil rights complaint to be used by a *pro se* prisoner under 42 U.S.C. § 1983."  "Section 1983 is not itself a source of substantive rights."  *Albright v. Oliver*, 510 U.S. 266, 271 (1994).  In order to recover under § 1983, a plaintiff must show the deprivation of a federal right through conduct which is "fairly attributable to the State."  *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (1982).  That is, "the party charged with the deprivation must be a person who . . . . is a state official, [or who] has acted together with or has obtained significant aid from state officials, or [whose] conduct is otherwise chargeable to the State."  *Id.*  Newspapers and their employees are not state actors.  *See, e.g.*, *Davis v. Janczewski*, 22 F. App'x 533, 534 (6th Cir. 2001) ("[D]efendant Janczewski cannot be said to have been acting under color of state law in reporting for a local newspaper."); *Hall v. Witteman*, No. 07-4128-SAC, 2008 U.S. Dist. LEXIS 77479 (D. Kan. Oct. 1, 2008) ("Generally, a newspaper is a private enterprise, not a state actor and cannot be held liable under § 1983 for publishing the news. This remains true even when the newspaper publishes information received from police or other state officials.") (internal citations omitted); *Wellman v. Williamson Daily News, Inc.*, 582 F. Supp. 1526, 1527 (S.D. W. Va. 1984) (" Manifestly, the publication of a newspaper does not involve state action").  Thus, Plaintiff cannot maintain a § 1983 claim against Defendants.

While Plaintiff may have state law claims against Defendants, he cannot bring those claims in this Court because the Court lacks jurisdiction to hear them.  As Plaintiff has failed to

establish the subject matter jurisdiction of this Court, the instant action will be dismissed by separate order.

Date:

cc:     Plaintiff, *pro se*

4412.008